

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00060-CR

MELINDA BARRIE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Hutchinson County, Texas
Trial Court No. 38,341, Honorable Faye Blanks, Presiding

June 12, 2013

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Melinda Barrie, filed a notice of appeal from her conviction for hindering apprehension or prosecution. See TEX. PENAL CODE ANN. § 38.05 (West 2011). The Clerk of this Court received and filed the trial court clerk's record on March 1, 2013. The trial court reporter's record was filed on March 21, 2013. Appellant's brief was originally due on April 22, 2013.

By notice dated April 29, 2013, this Court notified appellant that her brief was past due and that her brief was now due on May 9, 2013. Further, the Court alerted

appellant that failure to abide by this deadline would result in the appeal being abated and remanded without further notice.  As of the date of this order, appellant has failed to file her brief or a motion for extension of time to file her brief.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2).  Upon remand, the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent her on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.  If the trial court appoints counsel for appellant or if appellant retains counsel, the trial court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court.  See TEX. R. APP. P. 38.8(b)(3).  In the absence of a request for extension of time from the trial court, the supplemental

2

clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than July 12, 2013.

Per Curiam

Do not publish.